USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-5-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
LAWRENCE DAWKINS,

        Plaintiff,    :   08 Civ. 2194(VM)

  - against -       :   **ORDER**

PAUL GONYEA, et al.

        Defendants.
----------------------------------X

**VICTOR MARRERO, United States District Judge.**

Plaintiff Lawrence Dawkins ("Dawkins") brought this action pursuant to 42 U.S.C. § 1983 against defendants Deputy Superintendent of Security Paul Gonyea and Lieutenant Steven Katz (collectively, "Defendants"), officials of the New York State Woodbourne Correctional Facility ("Woodbourne") at the relevant times in this action. Dawkins alleges violations of his rights under the Fourteenth Amendment of the United States Constitution. Dawkins alleges that the Defendants' administration of the disciplinary procedures at Woodbourne, resulting in his placement in the Special Housing Unit ("SHU") for 280 days, violated his due process rights.

Dawkins filed the original complaint in this action on January 14, 2008. By Decision and Order dated August 18, 2009,[1] Dawkins's complaint was dismissed without prejudice,

---

[1] The Court's August 18, 2009 Decision and Order sets forth the relevant factual allegations, familiarity with which is assumed. See Dawkins v. Gonyea, 646 F. Supp. 2d 594 (S.D.N.Y. 2009).

with leave to replead within sixty days to correct a specified deficiency. The Court found that Dawkins failed to plead a cognizable liberty interest to support his due process claims. Dawkins had not made any allegations detailing the conditions of his confinement in SHU that would support a finding of atypical and significant hardship. Dawkins's 280-day confinement in SHU was also less than the 305-day confinement that courts in this Circuit have deemed sufficient to find per se atypical or significant hardship and a cognizable liberty interest.

Dawkins filed an amended complaint on October 13, 2009. Upon review of Dawkins's amended complaint, the Court finds that Dawkins has cured the deficiency specified in the August 18, 2009 Decision and Order. Dawkins's allegations that he was deprived of a meal at least once a day and was consistently deprived of toilet paper, when considered in light of his 280-day confinement, support a plausible finding that his confinement imposed an atypical and significant hardship. The Court thus finds that Dawkins's amended complaint, subject to the Court's findings in the August 18, 2009 Decision and Order, alleges sufficient facts to state a claim to relief that is plausible on its face. Accordingly, it is hereby

**ORDERED** that the defendants, Paul Gonyea and Steven Katz, are directed to answer the plaintiff's amended complaint by January 26, 2010.

**SO ORDERED.**

Dated:   New York, New York
         5 January 2010

_____
VICTOR MARRERO
U.S.D.J.

3